**Jeannette M. BAILEY, Plaintiff,**

v.

**SECRETARY OF the UNITED STATES DEPARTMENT OF LABOR, Defendant.**

**No. A92–741 Civ.**

United States District Court, D. Alaska.

Dec. 18, 1992.

David Rankine, McNall & Associates, Anchorage, AK, for plaintiff.

Elizabeth O'Leary, Asst. U.S. Atty., Anchorage, AK, for defendant.

## ORDER

### (Preliminary Injunction)

HOLLAND, Chief Judge.

Plaintiff's complaint alleges that the Secretary of the Department of Labor (Secretary) has deprived her of property in derogation of the Fifth Amendment (due process) requirements of the United States Constitution. Plaintiff sought a temporary restraining order which was denied in favor of an expedited hearing upon plaintiff's further motion for a preliminary injunction. The court has received the Secretary's opposition to the motion for injunctive relief and has heard oral argument.

The court finds that plaintiff is the holder of two government contracts, one for the hauling of mail to Delta Junction, Alaska, and the other to provide shuttle bus services on Fort Wainwright, Alaska (a military installation). The contracts were awarded respectively by the United States Postal Service and the Department of Defense. The contracts employ approximately ten individuals and have approximately one year to run.

Plaintiff and the Secretary disagree over the matter of whether or not plaintiff's employees are being paid in accordance with the terms of the contracts, the Service Contracts Act and the Fair Labor Standards Act. The Secretary has determined that plaintiff's employees have been underpaid by $98,271. After negotiations failed, the Secretary directed that the contracting agencies withhold all further payments due under these contracts until $98,271 has been collected.

Payments are made under the two contracts at the rate of about $20,000 per month. Plaintiff is currently receiving no revenue under the contracts. Employees current wages have not been paid as a consequence of the withholding although they are still providing services. There is a high probability that plaintiff's employees will quit if not paid soon. If the employees quit, plaintiff will surely default upon the contracts, will lose the contracts, and plaintiff will have no means to provide further work for the employees in question. The court finds that plaintiff's business will fail absent some form of relief.

Although there were administrative negotiations prior to the Secretary's directive withholding further payments under the contracts, the Secretary did not afforded plaintiff any type of hearing before a neutral decision maker prior to what was in substance an administrative order which had the necessary effect of stopping all payments to plaintiff under the contracts. Just prior to the court hearing on this matter, the Secretary filed an administrative complaint against plaintiff addressing the merits of the dispute between the parties. Under applicable regulations, 29 C.F.R. pt. 6 there will be formal proceedings on this complaint. Even if the same were expedited, the court finds that a final disposition sooner than six months from now is unlikely.

Under current Ninth Circuit case law, a plaintiff is entitled to a preliminary injunction if:

1. They demonstrate
   - a probable success on the merits, and
   - a possibility of irreparable harm;

2. Or if they demonstrate
- a fair chance of success on the merits (*i.e.*, serious questions are raised), and
- the balance of hardships tips sharply in their favor.

*Alaska v. Native Village of Venetie*, 856 F.2d 1384, 1389 (9th Cir.1988). The same proposition is similarly stated in the more recent case of *Johnson Controls, Inc. v. Phoenix Control Sys.*, 886 F.2d 1173, 1174 (9th Cir.1989).

The Secretary does not dispute the proposition that plaintiff has a property interest at stake in this case. Plainly, plaintiff is entitled to due process before being deprived of that property, *Finkelstein v. Bergna*, 924 F.2d 1449 (9th Cir.1991), or in the alternative plaintiff is entitled to a prompt due process review of the Secretary's determination to require withholding of payments to plaintiff, *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

The court concludes that there is for a certainty a serious question raised by plaintiff's complaint. Plaintiff's situation is not substantively different from that which this court confronted in *Alyeska Pipeline Service Co. v. Bay Ridge*, 509 F.Supp. 1115 (D.Alaska 1981). The *Bay Ridge* decision was never appealed; and so far as the undersigned is aware has become accepted law in this district on the subject of the unconstitutionality of a seizure without due process where there is no prompt post-seizure review. In the instant case, plaintiff's money has been seized and is being withheld. Plaintiff received no due process hearing before the seizure; and the remedy provided by 29 C.F.R. pt. 6 is patently inadequate to afford plaintiff her constitutional right to due process by means of review either before hand or promptly after seizure by a neutral decision maker.

As regards the balance of hardships, the Secretary's disposition of this matter deprives the plaintiff of her ability to make periodic payrolls. The decision, if not altered, will necessarily put plaintiff's employees out of work. Plaintiff will lose rights under the contracts and may very well be subject to sanctions or suit, or both,

for failure to perform the balance of the contract. The Secretary's decision will clearly cause harm to the plaintiff, to the plaintiff's employees, and to the United States Postal Service and the Department of Defense.

The Secretary argues that the employees are harmed if the situation continues because they are not being paid in accordance with the contract. As the court sees it the Secretary's decision causes significantly more harm than it avoids. If, as was the case with some authorities which the Secretary relies upon, this were a case where the government contractor could easily afford to have the disputed payments withheld and continue with the contract, the Secretary's position might very well be sustainable. Here it is undisputed that the Secretary's action has a high probability of putting the plaintiff out of business. It strikes the court (at least for purposes of the instant motion) as strange that the Secretary would prefer putting people out of work and out of business entirely in order to quickly collect a disputed deficiency over continuing employment on reasonable terms. The court concludes that the balance of hardships in this case tips sharply in favor of the plaintiff.

In a case such as this there is a public interest component. There is a substantial public interest in the integrity of the national labor laws. Balancing this substantial interest against the plaintiff's constitutional rights, the court concludes that plaintiff's constitutional rights must take precedence. Moreover, the court can take steps to protect this interest by the terms of its order.

In consideration of the foregoing, the plaintiff's motion for preliminary injunction is GRANTED. The Secretary and all others acting for her or at her direction are herewith enjoined from causing any further withholding of payments to plaintiff pursuant to the terms of plaintiff's contract with the United States Postal Service and the Department of Defense unless and until the Secretary proposes, obtains court approval for, and carries out a due process proceeding with respect to the dispute be-

tween the parties. It shall, however, be a condition of the continuing effect of this order that plaintiff provide the court with monthly, bimonthly, or weekly (depending on how plaintiff's employees are paid) verification that wages are being paid to her employees at the respective contract rates employing prospectively the Secretary's administrative rulings as to compensable hours, rates of pay, and the like. It is the court's intention that the deficiency claimed by the Department of Labor not be increased as a consequence of this order if the Secretary's position is correct. Should it turn out that the Secretary does not prevail on all claims, any excess paid out as a consequence of this requirement can be offset against sums otherwise due the employees.

With regard to sums already seized by the Secretary, the same shall be deposited into the registry of this court by the Secretary; and, upon submission of a certified payroll (using plaintiff's heretofore employed rate of pay) for plaintiff's employees, these monies will be disbursed by the Clerk of Court to counsel for plaintiff in trust for disbursement in accordance with such payroll; provided, however, that the Clerk shall withhold one thousand dollars of these funds as security for the payment of costs incurred should the court ultimately determine that plaintiff is not entitled to injunctive relief. Any excess of funds over and above that necessary to make the foregoing payments shall be disbursed by the Clerk of Court to counsel for plaintiff in trust for the plaintiff. If there is a deficiency in the amount of money necessary to meet the certified payroll, the oldest obligations shall be paid in full first and obligations having the same date shall receive prorated payments if necessary. This deposit shall be made with the Clerk of Court on or before Wednesday, December 23, 1992. Plaintiff shall serve and file the certified payroll on or before Wednesday, December 23, 1992. On pain of penalties for contempt of court, plaintiff shall in certifying her payroll provide the court with a full and complete schedule of all gross wages due as of the end of the last full pay period prior to the date of the certified payroll. It will be the responsibility of counsel for plaintiff to assure that the appropriate net pay is disbursed to each employee and that all necessary and appropriate contribution and/or withholding requirements are effected and disbursement of the same to the proper payees effected.